# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **A.F., by and through his parent and guardian, FABRIZIO FEOLA**, <br><br> Plaintiff, <br><br> v. <br><br> **STARBUCKS CORPORATION**, <br><br> Defendant. | Case No. 3:17-cv-1582-SI <br><br> **OPINION AND ORDER** |

A.F., by and through his parent and guardian, Fabrizio Feola. Plaintiff, *pro* se.

Anne Devlan Foster and Samuel T. Smith, DUNN CARNEY ALLEN HIGGINS & TONGUE, LLP, 851 SW Sixth Avenue, Suite 1500, Portland, OR 97204-1357. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff A.F., a minor child, sues Defendant Starbucks Corporation through his father,

Fabrizio Feola, for discrimination on the basis of a disability. Before the Court is Defendant's

motion to dismiss (ECF 9). For the reasons discussed, Defendant's motion to dismiss is granted.

## BACKGROUND

For purposes of this motion, the Court takes as true the following facts alleged in the

complaint. Plaintiff suffers from autism. On or about April 2, 2016, Plaintiff entered a coffee

shop owned by Defendant. Plaintiff became frustrated with a long wait, and began "touching"

the window. A Starbucks employee immediately yelled at Plaintiff, telling him to get out and never return. Plaintiff's behavior worsened immediately following this incident. Plaintiff was visibly upset by the incident for about a week, and showed increasing signs of aggression. On April 12, 2016, Plaintiff's parents sought medical treatment for Plaintiff, and "experts" determined that Plaintiff's worsening behavior had been triggered by the incident at Starbucks. Plaintiff and his family have emotionally suffered as a result of this incident.

On August 17, 2017, Plaintiff filed a complaint in Oregon state court, which Defendant timely removed. In that complaint, Plaintiff alleged only a claim for discrimination in a place of public accommodation under Oregon Revised Statutes ("ORS") § 659A.400. ORS 659A.400 defines "place of public accommodation" under Oregon law. Liberally construing Plaintiff's *pro se* complaint, Plaintiff appears to assert claims under both ORS § 659A.142(4) and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182. These statutes prohibit discrimination on the basis of a disability in a place of public accommodation.

On October 23, 2017, Defendant moved to dismiss Plaintiff's claims. Plaintiff requested, and the Court granted, several extensions of the deadline to file a response to Defendant's motion. After extending the deadline for Plaintiff's response to Defendant's motion through February 8, 2018, the Court directed that no further extension would be granted without good cause. Plaintiff still has not responded to Defendant's motion to dismiss. The Court now evaluates Defendant's motion on its merits without the benefit of Plaintiff's response.

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint on the grounds that Plaintiff's claims are time-barred, that Plaintiff fails to state a claim for relief, and that Plaintiff's ADA claim must be dismissed because he seeks an invalid form of relief and has no standing to bring his claim.

The Court concludes that Plaintiff's claim is timely, but that Plaintiff fails to state a claim for relief. Accordingly, Defendant's motion to dismiss is granted.

## A. Statute of Limitations

Defendant argues that Plaintiff's claims are untimely. Defendant has not specifically cited to a statute of limitations for a claim of discrimination arising under ORS § 659A.142. Defendant states that "claims for disability discrimination in public accommodations must be brought within one year of the occurrence of the allegedly unlawful practice." Defendant cites ORS § 659A.875(4), which provides a one-year statute of limitations specifically for claims arising under ORS § 659A.403 or ORS § 659A.406. ORS § 659A.403 prohibits discrimination, and ORS § 659A.406 prohibits the aiding and abetting of discrimination, in a place of public accommodation on the basis of "race, color, religion, sex, sexual orientation, national origin, marital status or age," but not disability. ORS § 659A.142(4) prohibits discrimination in a place of public accommodation based on *disability*, which is the foundation of Plaintiff's claim. ORS § 659A.142 does not prescribe a statute of limitations.

Defendant directs the Court to *Clink v. Oregon Health and Sciences University*, 9 F. Supp. 3d 1162 (D. Or. 2014), a prior decision of this Court. Defendant states that *Clink* applied the one-year statute of limitations in ORS § 659A.875 to claims alleging violations of ORS § 659A.142. Defendants, however, misconstrue *Clink*. The plaintiff in *Clink* did not allege violations of ORS § 659A.142. Rather, in *Clink*, a former employee sued his former employer alleging disability discrimination under, among other things, the federal Rehabilitation Act. *Clink*, 9 F. Supp. 3d at 1166-68. The Rehabilitation Act did not prescribe a statute of limitations, but this Court noted that "the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Clink*, 9 F. Supp. 3d at 1166. This Court in *Clink* determined that the most analogous state law was Oregon's Rehabilitation

Act. That Act's statute of limitations is provided in ORS § 659A.875(1), which relates specifically to unlawful employment practices. Thus, contrary to Defendant's statement, *Clink* did not apply ORS 659A.875, *writ large*, to claims alleging violations of ORS 659A.142. This Court in *Clink* did note that ORS § 659A.142 "imposes a one-year statute of limitations," but the Court cited specifically to ORS § 659A.875(1), which applies to unlawful *employment practices*, to support that proposition. *Id*. at 1166-67.

This case is more analogous to *Updike v. Clackamas County*, 2015 WL 7722410 (D. Or. Nov. 30, 2015), in which this Court applied a two-year statute of limitations to a plaintiff's claims of disability discrimination in the context of government provision of services, programs, and activities. The plaintiff in *Updike*, a deaf man, argued that Clackamas County improperly denied him access to an American Sign Language interpreter and to other auxiliary aids and services for communication while he served time in Clackamas County jail. Updike brought claims against the county under the ADA and the Rehabilitation Act, two federal laws. This Court sought to apply the statute of limitations for the most analogous state law. The Court noted its previous holding in *Clink* that the Oregon Rehabilitation Act supplies the state law most analogous to employment discrimination claims under the federal Rehabilitation Act. This Court also noted that "ORS § 659A.875 supplies limitation periods for *specifically enumerated disability claims.*" *Updike*, 2015 WL 7722410, at *4 (emphasis added).

"Updike argue[d] that ORS § 659A.875(1) applie[d] to claims alleging unlawful employment practices but *not* to claims alleging other types of unlawful disability discrimination. *Id.* at *5. This Court agreed, and ultimately applied a two-year statute of limitations. The Court explained:

> Updike has alleged an injury not arising on contract and not
> otherwise addressed by ORS Chapter 12. Thus, the two-year

statute of limitations set forth in ORS § 12.110 might apply to Updike's claims. Updike has, however, also alleged claims arising from acts or omissions of Clackamas County, which falls under the definition of a public body within the scope of ORS § 30.260 to ORS § 30.300. *See Taylor v. Lane Cnty.*, 213 Or. App. 633, 642-43 (2007). Thus, the two-year statute of limitations set forth in ORS § 30.275(9)'s also might apply to Updike's claims. . . . [T]he Court declines to decide whether ORS § 12.110 or ORS § 30.275(9) applies because both provide a two-year statute of limitations. Accordingly, Updike's claims are subject to a two-year statute of limitations.

*Id*. at *6.

This Court also noted in *Updike* that a previous court in this district had "held that although ORS § 659A.142 of Oregon's Rehabilitation Act 'is the most analogous state statute to the ADA and Rehabilitation Act claims,' ORS § 659A.875(1)'s statute of limitations does not apply to claims under ORS § 659A.142," because an action alleging a violation of ORS 659A.142 "is not a civil action under ORS 659A.885 alleging an unlawful employment practice." *Id.* at *5 (quoting *T.L. ex rel. Lowry v. Sherwood Charter Sch.*, 2014 WL 897123, at *9 (D. Or. Mar. 6, 2014) (alterations and emphasis omitted). In *Lowry*, the court instead applied Oregon's two-year personal injury statute of limitations found in ORS § 12.110, which applies to actions for "any injury to the person or rights of another, not arising on contract, and not especially enumerated in [Chapter 12 of the ORS]," to Lowry's disability discrimination claims under the ADA and the Rehabilitation Act. ORS § 12.110(1); *see Lowry*, 2014 WL 897123, at *9. Similarly, in *Ramirez v. Parker*, another court in this district applied a two-year statute of limitations to Rehabilitation Act claims, explaining that "[u]nlike the plaintiff in *Clink*, Ramirez does not allege employment discrimination." 2014 WL 7187463, at *12 (D. Or. December 16, 2014). "[T]hus," the court concluded, "the one-year limitations period articulated in § 659A.875(1) is inapposite, and no other limitations period for a claim arising out of § 659A.142 is enumerated elsewhere." *Id.* Therefore, "[b]ecause Ramirez's claim alleges an

'injury to the person or rights of another, not arising out of contract, and not especially enumerated' elsewhere, her Rehabilitation Act claims are subject to the two-year statute of limitations articulated in that section." *Id.*

In this case, Oregon's two-year personal injury statute of limitations applies to Plaintiff's claims arising under ORS § 659A.142(4). The two year statute of limitations in ORS § 12.110 applies to "any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter." ORS § 12.110(1). No party has presented, and the Court has not found, any specifically enumerated statute of limitations for disability discrimination actions relating to places of public accommodation in ORS Chapter 12. Following the reasoning in *Updike*, *Lowry*, and *Ramirez*, the Court concludes that § 12.110 supplies the statute of limitations for Plaintiff's claim arising under ORS 659A.142(4).

Plaintiff's ADA claims are subject to the same statute of limitations. Although the ADA does not prescribe a specific statute of limitations for claims arising under Title III, courts are to "borrow the statute of limitations applicable to the most analogous state-law claims" and apply it to ADA claims, unless "it is inconsistent with federal law or policy to do so." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015) (quoting *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985)). ORS § 659A.142(4) is the most analogous state law claim to Plaintiff's disability discrimination claim under the ADA. Thus, the same two-year statute of limitations applies. Under a two-year statute of limitations, Plaintiffs claims are timely.

## B. Failure to state a claim

### 1. Standards

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## 2. Requirements for Discrimination Claim

ORS § 659A.142(4) provides: "It is an unlawful practice for any place of public accommodation, resort or amusement as defined in ORS 659A.400, or any person acting on behalf of such place, to make any distinction, discrimination or restriction because a customer or patron is an individual with a disability." By statute, ORS § 659A.142 "shall be construed to the

extent possible in a manner that is consistent with any similar provisions of the federal [ADA]."

ORS § 659A.139(1). Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

Under Title III, discrimination includes:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of a barrier
> under clause (iv) is not readily achievable, a failure to make such
> goods, services, facilities, privileges, advantages, or
> accommodations available through alternative methods if such
> methods are readily achievable.

42 U.S.C. § 12182(b)(2)(A).

## C. Discussion

Defendant does not, for purposes of this motion, dispute that Plaintiff's autism qualifies as a disability under Oregon and federal law. Nor does Defendant dispute that a Starbucks coffee shop is a place of public accommodation within the meaning of Oregon or federal anti-discrimination law. Nonetheless, Plaintiff fails to state a claim of discrimination under state and federal law. Plaintiff has not alleged, as Oregon law requires, that Defendant made "any distinction, discrimination, or restriction because" Plaintiff was an individual with a disability. ORS § 659A.142(4). Similarly, Plaintiff has not alleged, as required under the ADA, that he was "discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" of the Starbucks shop. 42 U.S.C. § 12182(a). Nor has Plaintiff provided factual content from which the Court could reasonably infer that Defendant discriminated against Plaintiff *on the basis of* a disability.

Plaintiff's allegations amount to the following: Plaintiff has a disability; Plaintiff entered a place of public accommodation, became frustrated, and touched a window; an employee of Defendant immediately yelled at Plaintiff that he must leave the store and never come back. These facts do not state a claim for disability discrimination. Defendant's employee's admonishment that Plaintiff "never come back" is arguably a restriction—taken literally, that could amount to a denial of future services.[1] There are simply no factual allegations contained in

---

[1] The Court notes, however, that Defendant has now clearly stated that Plaintiff is welcome to patronize its establishments. ECF 9 at 7.

Plaintiff's complaint, however, to suggest that this statement was *based on a disability* or that Plaintiff's disability was a "motivating factor" for Defendant's actions. *See Head v. Glacier Nw. Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005) (abrogated on other grounds by *Univ. of Tex. Sw. Med. Ctr. v. Nassar*,133 S.Ct. 2517, 2533 (2013) ("We conclude that a motivating factor standard is the appropriate standard for causation in the ADA context.").

Plaintiff might argue that Defendant's employees treated him differently, and imposed a restriction, based on his *behavior*, and that Plaintiff's behavior was in turn caused by Plaintiff's disability. "For purposes of the ADA . . . conduct resulting from a disability [generally] is considered to be part of the disability." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139-40 (9th Cir. 2001). Nonetheless, Plaintiff has not expressly alleged that his behavior caused him to touch the window. Furthermore, Plaintiff has not alleged any facts to suggest that Defendant's employees *knew* about Plaintiff's disability. *See Kimbro v. Atl. Richfield Co.*, 889 F.2d 869, 877 (9th Cir. 1989) ("[S]ince Jackson clearly acquired knowledge of Kimbro's migraine condition while serving in his supervisory function and had a duty to communicate such knowledge to [ARCO] management, ARCO, as a matter of law, was on notice of Kimbro's migraine condition. Accordingly, ARCO should be held responsible for any failure to make a reasonable accommodation."); *Morisky v. Broward Cty.*, 80 F.3d 445, 448 (11th Cir. 1996) ("Other courts have rejected the contention that a plaintiff can sustain a prima facie case of handicap discrimination without proof that an employer had actual or constructive knowledge of an applicant's disability"); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995) ("At the most basic level, it is intuitively clear when viewing the ADA's language in a straightforward manner that an employer cannot fire an employee 'because of' a disability unless it knows of the disability.").

Plaintiff also has not alleged that Defendants engaged in any of the specifically enumerated forms of disability discrimination outlined in § 12182(b)(2)(A). For instance, Plaintiff has not alleged facts to suggest that Defendant failed to make reasonable accommodations for Plaintiff's disability, or failed to remove any architectural or communication barriers. To the extent that Plaintiff means to suggest Defendant should have made an accommodation for Plaintiff's autism, Plaintiff has not alleged what that accommodation would be, or that Defendant knew or should have known that Plaintiff needed an accommodation for a disability.

## CONCLUSION

Defendant's motion to dismiss (ECF 7) is GRANTED. Plaintiff's Complaint is dismissed without prejudice. If Plaintiff can allege facts from which a reasonable juror could conclude that Defendant discriminated against Plaintiff or denied him services on the basis of a disability, Plaintiff may file an Amended Complaint to that effect not later than April 6, 2018.

**IT IS SO ORDERED**.

DATED this 5th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge